UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CIVIL ACTION NO. 7:23-CV-00045-REW-EBA

ETTA COMBS, *et al.*,                                                                           PLAINTIFFS,

V.   **REPORT AND RECOMMENDATION**

CONSOL ENERGY, INC., *et al.*,                                                                 DEFENDANTS.

*** *** *** ***

Defendants Consol Energy, Inc., Consol of Kentucky, LLC, Kentucky Fuel Corporation, and Dave Smith (collectively referred to as "Defendants") previously removed this action from Knott County Circuit Court based on diversity jurisdiction and fraudulent joinder. [R. 1 at pgs. 1–4]. In response, Plaintiffs have moved to remand this action back to state court. [R. 6]. Pursuant to the District Court's Standing Case Management and Referral Order, initial evaluations regarding federal subject-matter jurisdiction are referred to the undersigned. [R. 5 at 1]. The matter is fully briefed and ripe for review. [R. 9]; [R. 11].

I.   FACTS AND PROCEDURAL HISTORY

On January 27, 2023, Plaintiffs sued the Defendants[1] in Knott County Circuit Court based on damages that have occurred to Plaintiffs' real estate property. [R. 1-2]. Specifically, Plaintiffs claim that Defendants damaged their real properties through the negligent operation of underground mining operations that took place near said properties at the Jones Fork E-3 Mine ("Jones Fork") in Knott County, Kentucky. As stated in Plaintiffs' Complaint and pleadings with

---

[1] Consolidation Coal Company was originally named as a Defendant in this case but was later removed as a party in Plaintiffs' Amended Complaint that was filed on April 12, 2023.

the Court from both parties, it is undisputed: 1) that Plaintiffs are citizens of Kentucky; 2) that Defendant Consol Energy, Inc. is a citizen of Delaware and Pennsylvania; 3) that Defendant Kentucky Fuel Corporation is a citizen of Delaware and Virginia; 4) that Defendant Consul of Kentucky, LLC ("COK") is a citizen of Delaware and Pennsylvania; and 5) that Defendant Dave Smith is a citizen of Kentucky. [R. 1 at pgs. 2–3].

According to Defendants, COK owned and operated the operative mine in this case from 1991 until 2010, when it transferred its mining permits to Kentucky Fuel Corporation. [R. 1-2 at pg. 3]. Likewise, Smith has submitted an affidavit explaining that he is a licensed engineer who previously worked for COK from 1993 until March of 2010, during which time he worked at Jones Fork. [*Id.* at pgs. 14–15]. Defendant Smith goes on to state that he has not performed any mining services for COK in Kentucky since March of 2010. [*Id.* at pg. 15].

On February 20, 2023, Smith served his First Set of Discovery Requests to investigate the basis of Plaintiffs' claims against him and to determine the amount in controversy in this case. [*Id.* at pgs. 3–4]. On April 28, 2023, Plaintiffs responded that they believed Smith "performed environmental checks at the mine under her property" and that they were unable to admit or deny at this juncture if they would be seeking damages in excess of $75,000. [*Id.* at pgs. 20–21, 27–28]. After receiving these responses, on May 30, 2023, Defendants filed their notice of removal alleging that this Court had subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441. [R. 1 at pg. 2]. In support of this removal, Defendants filed a memorandum in support of removal and a motion to dismiss Defendant Dave Smith from this action. [R. 1-2]. In the pleadings, Defendants contend that this Court has subject-matter jurisdiction because: (1) the amount in controversy exceeds $75,000 and (2) Smith was fraudulently joined to destroy complete diversity between the parties. [R. 1-2 at pg. 2].

On June 2, 2023, Plaintiffs filed their Motion to Remand and for Award of Costs and

Attorney Fees Pursuant to 28 U.S.C. § 1447(c). [R. 6]. Plaintiffs claim: (1) that the amount in controversy has not been established as exceeding $75,000; (2) that Smith has been properly joined in this matter; and (3) that they are entitled to attorney fees because Defendants had no reasonable basis for this removal. [*Id.*]. Defendants filed a response [R. 9] and Plaintiff filed a reply. [R. 11].

## II. ANALYSIS

*Motion to Remand*

### A.

A defendant may remove a civil action to federal court if "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). A federal court generally has original jurisdiction where a federal question is raised or where diversity exists. Diversity jurisdiction exists where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between" parties who are "citizens of different states." 28 U.S.C. § 1332(a)(1). The removing party "has the burden of demonstrating by competent proof that the complete-diversity and amount-in-controversy requirements are met." *Cleveland Hous. Renewal Project v. Deutsche Bank Tr. Co.*, 621 F.3d 554, 559 (6th Cir. 2010) (citing *Hertz Corp. v. Friend*, 559 U.S. 77 (2010)).

To remove a case from state court based on diversity jurisdiction, '"all parties on one side of the litigation [must be] of a different citizenship from all parties to the other side of the litigation."' *Coyne ex rel. Ohio v. American Tobacco Co.*, 183 F.3d 488, 492 (6th Cir. 1999) (quoting *SHR Ltd. Partnership v. Braun*, 888 F.2d 455, 456 (6th Cir. 1989)). The burden of proof in establishing diversity jurisdiction lies with the removing party. *Id.* at 493. Generally speaking, a party has thirty days from the date the case is filed to remove the action, but pursuant to 28 U.S.C. § 1446(b)(3), "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of

an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."[2]

Diversity jurisdiction also requires a finding that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a)(1). In Kentucky state courts, plaintiffs are prohibited from stating a specific amount that they seek to recover in their complaint. KY. R. CIV. P. 8.01(2). Where the complaint is silent on the amount in controversy, as is the case with complaints filed in Kentucky state courts, the removing party must "show by a preponderance of the evidence that the allegations in the complaint at the time of removal satisfy the amount-in-controversy requirement." *Northup Props., Inc. v. Chesapeake Appalachia, L.L.C.*, 567 F.3d 767, 769–770 (6th Cir. 2009) (citing *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001). Often, to satisfy this burden, pre-removal discovery into the amount in controversy is required. *Peichoto v. Speedway, LLC*, No. 5:19-cv-58-REW, 2019 U.S. Dist. LEXIS 203203, at *3 (E.D. Ky. Nov. 22, 2019) (remarking that, in Kentucky, parties "often must engage in pre-removal discovery before a defendant can ascertain that a case is removable"); *see also* 28 U.S.C. § 1446(b)(3) (allowing a party to remove a case 30 days after receipt of "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable").

When considering such removals, courts rely on "a fair reading of the Plaintiff's complaint, common sense, and its own judicial experience." *Caperton v. State Auto Prop.*, No. 6:22-cv-101-CHB-HAI, 2022 U.S. Dist. LEXIS 229240, at *6 (E.D. Ky. July 5, 2022). Because federal courts enjoy limited jurisdiction, removal statutes are construed narrowly, and doubts are resolved in favor of remand. *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549–50 (6th Cir. 2006).

---

[2] Defendants have claimed that they first became aware that the case was removable after receiving the Plaintiffs' discovery responses. Plaintiffs did not argue that removal was untimely, so this Report and Recommendation does not analyze this issue.

B.

Plaintiffs argue that this matter should be remanded to state court for two reasons: (1) Defendants did not establish that the amount in controversy requirement was satisfied and (2) Smith was not fraudulently joined to this case. [R. 6].

Beginning with the amount in controversy issue, the main damages in this case stem from the diminution in value of Plaintiffs' properties that were caused by the mine at the Jones Fork location. [*See* R. 9 at pg. 19]. As previously stated, Kentucky Civil Rules prevent plaintiffs from stating a specific amount of monetary damages in their complaint. KY. R. CIV. P. 8.01(2). To resolve this issue, the Defendants engaged in pre-removal discovery to help ascertain what damages may be recoverable in this action. Specifically, Defendants propounded requests for admission on Plaintiffs asking them to confirm or deny that they would be seeking more than $75,000 in damages, to which Plaintiffs were unable to admit or deny. [R. 1-2 at pgs. 21, 28]. In addition, Defendants have provided estimates from the Knott County Property Valuation Administrator calculating the Plaintiffs' properties to be valued at $65,500 and $40,000 at the time of removal. [*Id.* at pgs. 32–40]. Defendants argue that the valuation of these properties, combined with Plaintiffs' claims for loss of use and enjoyment of said properties, punitive damages, and attorneys' fees ensures that the amount in controversy exceeds $75,000. [R. 9 at pg. 20].

Plaintiffs contend that, because this case is still in its infancy, it is difficult to determine what the amount of controversy is at this juncture. [R. 6 at pg. 9]. Further, Plaintiffs argue that the valuation of the subject properties is not sufficient evidence to determine the amount in controversy because the "the appropriate measure of damages in a property damage action is the lesser of the diminution in market value of the property caused by the Defendants' conduct or the cost of repair of the Plaintiffs' damages caused by the Defendants' conduct." [*Id.* (citing *Island Creek Coal Co. v. Rodgers*, 644 S.W.2d 339, 346 (Ky. App. 1982))]. Based on this, Plaintiffs argue

that even if the Court were to assume that punitive damages and attorney's fees would be awarded in this case, it is very possible that the damages in this case would still be below the $75,000 threshold. [R. 11 at pgs. 5–6].

While the Court agrees that the property valuations the Defendants have provided can be useful in determining the amount in controversy, these valuations and Plaintiffs' responses are simply not enough to establish that this requirement has been met. As both sides have acknowledged, the measure of damages in a property case in Kentucky is the lesser of the cost to repair the property or the diminution in market value of the property. *See Ellison v. R&B Contr., Inc.*, 32 S.W.3d 66, 70 (Ky. 2000). However, the valuation of the properties at the time of removal alone does not indicate how much the property's value has diminished because of the actions alleged in this case nor does it indicate the amount of money it would take to repair the property. Defendants cite to *Armstrong Coal Co. v. Blackburn*, No. 4:12-cv-00089-JHM, 2013 U.S. Dist. LEXIS 16436 (W.D. Ky. Feb. 6, 2013) for the proposition that the Court can accept the valuation of these properties in determining the amount in controversy. However, the *Armstrong* case dealt with a situation where the plaintiff had filed the case in federal court[3] and the property in question was to be used in a commercial enterprise that involved millions of dollars in costs and would severely impede plaintiff's ability to do business on the property. *Id.* at *3–5. No evidence has been presented as to what the subject properties would be used for or any other economic loss that may result from the damages alleged in this case.

Finally, while Plaintiffs have not stipulated or admitted that they will not be pursuing over $75,000 in damages, the undersigned acknowledges that this case was only filed a few months

---

[3] In situations where the Plaintiff has filed their case in federal court, the rule is that the plaintiff knows whether their claim meets the jurisdictional requirements. A contrary finding will only occur if the remanding defendant shows that the plaintiff's assertion of the amount in controversy was made in bad faith. *See id.* at *3–4.

ago. Expert evaluations and further discovery may very well determine that the damages in this case exceed $75,000, especially considering the other claims that have been made in this case. But until such evidence has been presented to the Court, the undersigned cannot conclude that Defendants have met their burden of proof. *See Martin v. Tenn. Gas Pipeline, LLC*, No. 5:17-cv-00425-JMH, 2018 U.S. Dist. LEXIS 167195, at *4 (E.D. Ky. Sept. 28, 2018) ("Where, as here, the complaint seeks an unspecified amount of damages '"that is not self-evidently greater or less than the federal amount-in-controversy requirement,'" the removing defendants must carry its burden by a preponderance of the evidence.") (internal citations omitted).

Because Defendants failed to carry its burden to prove this Court has jurisdiction, the undersigned recommends Plaintiffs' motion to remand be granted. *See May v. Wal-Mart Stores Inc.*, 751 F. Supp.2d 946, 955 (E.D. Ky. 2010) ("A federal court must presume that it lacks jurisdiction until the parties prove to the contrary."). Further, because the undersigned has determined that the amount in controversy requirement has not been met, there is no need to engage in an analysis on the fraudulent joinder issue at this time. Regardless of a ruling on the issue, the ultimate result would still be to remand this case. Should the parties later determine that the amount in controversy exceeds $75,000 and this case is removed again, the Court can then determine if Defendant Smith has been fraudulently joined in this matter.

*Attorney's Fees*

Plaintiffs request an award of attorney's fees pursuant to 28 U.S.C. § 1447(c), [R. 6 at pg. 10], which allows the Court to award "just costs and any actual expenses, including attorney fees" incurred because of removal. § 1447(c). Fee awards under § 1447(c) are only appropriate where "the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005); *see also Powers v. Cottrell, Inc.*, 728 F.3d 509, 515 (6th Cir. 2013). Although the undersigned recommends remanding this

case back to state court, it cannot say that Defendants' removal lacked an objectively reasonable basis. Given the possible damages at issue in this case, the Court cannot say that removal was unreasonable or unfounded. Accordingly, "this is not one of the rare cases where an award of attorney's fees is justified," so the undersigned recommends Plaintiffs' motion for an award of attorney's fees be denied. *Combs v. ICG Hazard, LLC*, 934 F. Supp.2d 915, 932 (E.D. Ky. 2013) (remanding back to state court but refusing to award attorney's fees).

### III.   CONCLUSION

The undersigned RECOMMENDS that Plaintiffs' motion to remand [R. 6] be GRANTED and their request for attorney's fees [R. 6] be DENIED.

*** *** *** ***

The parties are directed to 28 U.S.C. § 636(b)(1) for a review of appeal rights governing this Recommended Disposition. Particularized objections to this Recommended Disposition must be filed within fourteen days from the date of service thereof or further appeal is waived. *United States v. Campbell*, 261 F.3d 628, 632 (6th Cir. 2001); *Thomas v. Ann*, 728 F.2d 813, 815 (6th Cir. 1984). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004); *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within fourteen days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Crim. P. 59(b)(1).

Signed July 27, 2023.



Signed By:
*Edward B. Atkins*  EBA
United States Magistrate Judge