UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| ETTA COMBS, *et al.*, | ) | |
| | ) | |
| Plaintiff, | ) | No. 7:23-CV-45-REW-EBA |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| CONSOL ENERGY, INC, *et al.*, | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiffs filed a motion to remand this matter back to Knott Circuit Court. *See* DE 8 (Motion). Judge Atkins, reviewing subject matter jurisdiction, recommends remand, but that Plaintiffs' request for attorney's fees be denied. *See* DE 12 (Report and Recommendation). The objection period has passed; neither party has objected. The Court, given the lack of objection, **ADOPTS** DE 12.

The Court is not required to "review . . . a magistrate[ judge]'s factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (quoting *Kensu v. Haigh*, 87 F.3d 172, 176 (6th Cir. 1996) (alterations adopted) (noting that the Sixth Circuit has "long held that, when a defendant does 'not raise an argument in his objections to the magistrate[ judge]'s report and recommendation . . . he has forfeited his right to raise this issue on appeal.'"); *United States v. Olano*, 113 S. Ct. 1770, 1777 (1993) (distinguishing waiver and forfeiture); 28 U.S.C. § 636(b)(1) (limiting de novo review duty to "those portions" of the recommendation "to which objection is made"). Rule 72 plainly requires a proper objection to trigger and preserve review. Without the objection, there is no claimed decisional flaw to assess.

As Judge Atkins noted, to exercise jurisdiction, the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a); *Freeland v. Liberty Mut. Fire Ins. Co.*, 632 F.3d 250, 252 (6th Cir. 2011). A defendant removing a case has the burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1446(c)(2)(B). Upon review of the record, Judge Atkins found that the removing party failed in the burden. With no objection, and noting a properly chary view as to jurisdiction, the Court adopts.

While finding that remand is appropriate, Judge Atkins found the award of attorney's fees unwarranted, as the removal did not lack "an objectively reasonable basis." *See* DE 12 at 7-8. Again, no objection. Accordingly, the Court **ADOPTS** DE 12 and **REMANDS** this matter to Knott Circuit Court.[1]

This the 18th day of August, 2023.

Signed By:
*Robert E. Wier*   REW
United States District Judge

---

[1] Defendants also moved to dismiss Plaintiffs' claim. *See* DE 3 (Motion). In light of this order remanding the case back to Knott Circuit Court, the Court **DENIES** DE 3, to the extent it appears in the federal docket, as moot.